On February 17, 2003, Donald Hamilton died in Opelika. Donald had a will in which he left his entire estate to his minor son, Jordan Lee Hamilton, with the stipulation that the estate was to be kept in a trust managed by Jason Connally until Jordan's 23d birthday.[1]
On March 25, 2005, Jordan, through his mother and next friend, Kathleen Slate-Hamilton, filed a petition with the Russell County Probate Court to remove Connally as executor of the estate and as trustee of the trust. Jordan also requested that Connally be ordered to repay the estate for certain legal fees he had paid in a previous dispute between the parties, which legal fees, Jordan alleges, were not incurred or paid for the benefit of the estate.[2] Jordan also sought an accounting of the estate funds. *Page 642 
On March 29, 2005, the probate court ordered Connally to file an accounting within 14 days. In response, Connally petitioned the Russell Circuit Court to remove the case from the probate court. After the circuit court granted his petition, Connally moved the circuit court to reconsider the probate court's order requiring an accounting. Jordan opposed the motion and again requested an accounting.
On August 19, 2005, the circuit court held a hearing. On October 26, 2005, the circuit court entered the following order:
 "It is hereby ordered, adjudged, and decreed:
 "1. That [Jordan's] motion to require accounting is denied;
 "2. That the executor's motion for reconsideration of order and citation for accounting is hereby granted;
 "3. That it is further ordered that the executor, Jason Connally reimburse the estate the costs arising exclusively from the defense of the declaratory judgment petition and subsequent appeal."
Notably, the order did not address Jordan's request to remove Connally as executor and trustee nor did it quantify the exact dollar amount Connally was to repay the estate.
On November 17, 2005, Jordan moved the court to amend its October 26, 2005, order to specify the exact amount Connally was required to repay the estate. Jordan also requested that Connally be ordered to pay the guardian ad litem fee of $7,562.50 in this case. The circuit court did not rule on Jordan's motion, and, he alleges, it was denied by operation of law after 90 days pursuant to Rule 59.1, Ala. R. Civ. P. On February 17, 2006, Jordan filed this appeal.
On appeal, Jordan urges this Court to reverse the October 26, 2005, judgment of the circuit court and to remand the cause 1) for evidentiary proceedings to ascertain the sum certain that Connally owes the estate, and 2) for an accounting of the assets of the estate. Connally has moved this Court to dismiss Jordan's appeal, arguing that it seeks review of a nonfinal judgment. We agree, and we dismiss the appeal.
"An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties." Palughi v. Dow, 659 So.2d 112, 113
(Ala. 1995). For a judgment to be final, it must put an end to the proceedings and leave nothing for further adjudication.Ex parte Wharfhouse Rest. Oyster Bar, Inc.,796 So.2d 316, 320 (Ala. 2001). "[W]ithout a final judgment, this Court is without jurisdiction to hear an appeal." Cates v.Bush, 293 Ala. 535, 537, 307 So.2d 6, 8 (1975).
As Jordan himself has acknowledged, the circuit court's October 26, 2005, order failed to resolve one of the central issues pending in this case — how much money Connally was required to repay the estate. "`Where the amount of damages is an issue, . . . the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.'"Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354,361 (Ala. 2004) (quoting Moody v. State ex rel. Payne,351 So.2d 547, 551 (Ala. 1977)). Because this issue has yet to be resolved, the circuit court's order cannot be viewed as a final judgment that will support an appeal. Accordingly, Connally's motion to dismiss is hereby granted, and the appeal is dismissed.[3] *Page 643 
APPEAL DISMISSED.
LYONS, WOODALL, SMITH, and PARKER, JJ., concur.
[1] Jason Connally is a banker in Columbus, Georgia, and is the executor of Donald's estate and trustee of the trust.
[2] The previous legal dispute between the parties concerned a deed executed by Connally on behalf of Donald three days before Donald died. The deed purported to transfer real property held in Jordan's name into a family partnership administered by Connally. After Donald's death, the guardian ad litem appointed to represent Jordan's interest filed a declaratory-judgment action asking the trial court to determine whether that deed was valid. After the trial court declared the deed void, Connally appealed that judgment to this Court. That appeal was subsequently dismissed, at Connally's request. Connally used funds from Donald's estate to pay the legal fees incurred in that declaratory-judgment action.
[3] Jordan has acknowledged that this Court might conclude that the judgment he appeals from is nonfinal. In his brief, he states:
 "If this Court should find that, because the order is not final on this issue, no appeal related to it can lie, [Jordan] respectfully requests this Court to treat this appeal as a petition for the writ of mandamus and order the trial court to issue a final order that specifies an amount of monetary damages. See Ex parte Wharfhouse Restaurant and Oyster Bar, Inc., 796 So.2d 316, 321 (Ala. 2001) (granted writ of mandamus directing trial court to `enter a final judgment disposing of Wharfhouse's claims or . . . [setting] the case for a pretrial conference.')."
However, Jordan makes no attempt to elaborate on this argument or to otherwise demonstrate that he is entitled to the extraordinary relief afforded by a writ of mandamus. Accordingly, we decline to treat this appeal as a petition for the writ of mandamus. See Dykes v. Lane Trucking, Inc.,652 So.2d 248, 51 (Ala. 1994) ("[I]t is not the function of this Court to do a party's legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.").