BRYAN, Judge.
 

 Tanya Butler (“the mother”) appeals from a judgment of the DeKalb Circuit Court that modified the custody of the parties’ minor children — namely, Darick, a boy born on July 20, 1994, and Trevor, a boy born on June 25, 1996 (hereinafter collectively referred to as “the children”)— by transferring it from the mother to Rickey G. Phillips (“the father”). We dismiss the appeal as being from a nonfinal judgment.
 

 The parties divorced in March 1999. The divorce judgment awarded the mother custody of the children and awarded the father certain visitation rights. The divorce judgment also required the father to pay child support in the amount of $250 per month.
 

 The record on appeal reveals that the first pleading filed in this case was a “petition to modify” that was filed by the State Department of Human Resources (“DHR”) in November 2005. DHR’s petition requested that the trial court enter an order modifying its previous order of child support and requiring the father to provide medical insurance for the children. On February 10, 2006, the father petitioned the trial court to modify the custody of the children. The father’s petition asserted, in pertinent part, that there had been a material change in circumstances since the parties’ divorce and that he could provide the children with a “more stable family unit than that provided by the [mother].... ” On the same day,,the father also moved the trial court to transfer the case from
 
 *924
 
 DHR’s “child-support docket” to the trial court’s “regular domestic docket.” On March 13, 2006, the trial court granted the father’s motion to transfer. On March 17, 2006, the mother filed an answer and a counterpetition seeking, among other things, that the trial court find the father in contempt of court for his failure to pay-child support pursuant to the divorce judgment.
 

 On September 12, 2006, the trial court entered an order, pursuant to an agreement of the parties, that modified the father’s child-support obligation from $250 per month to $559 per month beginning on August 1, 2006. On March 12, 2007, DHR petitioned the trial court to find the father in contempt of court for failure to pay child support. DHR’s petition alleged that the father’s child-support payments were in arrears in the amount of $2,033.56.
 

 On June 15, 2007, the trial court held an ore tenus proceeding on the father’s custody-modification petition. On June 29, 2007, the trial court entered an order finding:
 

 “1. The [father] has failed to meet the burden of proof set forth in
 
 Ex parte McLendon
 
 [, 455 So.2d 863 (Ala.1984),] and his petition for a change of custody is denied.
 

 “2. The [father] is in contempt for the non-payment of child support. Sanctions for said contempt are withheld so long as the [father] remains current on his monthly child support obligation and pays his arrearage to the [mother] within 90 days of the date of this order. As of May 31, 2007, the [father] is in arrears in the amount of $682.00.
 

 “3. The remaining requests of the parties are denied.”
 

 On July 24, 2007, the father moved the trial court to alter, amend, or vacate its June 29, 2007, order or, in the alternative, to set the matter for a new trial.
 

 On August 1, 2007, the mother filed a “motion for contempt” alleging that the father had failed to remain current on his child-support payments as required by the trial court’s June 29, 2007, order. On September 19, 2007, the parties filed a “joint agreement for exten[s]ion of time,” stating, in pertinent part, that the parties “agree[d] to extend the time for the [trial] Court’s ruling on postjudgment motions presently pending in this cause past ninety (90) days.”
 
 [1]
 
 On October 25, 2007, DHR
 
 *925
 
 filed a motion to withdraw its March 12, 2007, contempt petition based upon the father’s “increased Child Support payments and significant reduction of arrear-age.”
 

 After twice continuing the matter, the trial court, on November 15, 2007, conducted a hearing on the parties’ postjudgment motions. On December 4, 2007, the father filed a “petition to modify [custody and] motion for immediate relief.” The father’s December 2007 petition sought, among other things, an immediate order transferring custody of the children to the father based upon the following allegations:
 

 “a. The former step-father of the minor children, who according to testimony abused the minor children, has resumed living in the home with the [mother];
 

 “b. The minor children[’s] grades and school work continue[ ] to suffer and the [mother] is either unwilling or unable to provide assistance;
 

 “c. The minor children desperately desire a change in custody and urgently wish to speak to the Court;
 

 “d. On December 1, 2007, the [mother] physically assaulted the [father’s] current spouse, in a public location, in the presence of the minor children. The [mother’s] behavior was so outrageous that the [father] fears that [the mother] is using drugs or alcohol, or has had some type of mental breakdown;
 

 “e. Due to the aforementioned assault, it is expected that a warrant will be issued for the [mother’s] arrest;
 

 “f. Since the aforementioned assault, the [mother] has refused to allow the [father] to speak to the minor children and the [father] has no way of knowing if the children are safe.”
 

 On December 5, 2007, the trial court entered an order vacating the portion of its June 29, 2007, order that denied the father’s first custody-modification petition. The trial court’s December 5, 2007, order also, among other things, awarded the father primary physical custody of the children, awarded the mother certain visitation rights, and ordered the mother to pay child support in the amount of $389 per month. On December 17, 2007, the mother moved the trial court to alter, amend, or vacate its December 5, 2007, order. The trial court denied the mother’s post-judgment motion. The mother appeals.
 

 The mother raises two issues on appeal. The mother first argues that the trial court erred in modifying the custody of the children because, she argues, the father did not meet the burden of proof set forth in
 
 Ex parte McLendon,
 
 455 So.2d 863 (Ala.1984). The mother also argues that the trial court erred in considering facts that had not been admitted into evidence before the trial court entered its December 5, 2007, order.
 

 Even though this issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal. “ ‘Jurisdictional matters are of such importance that a court may take notice of them
 
 ex mero motu.’” Naylor v. Naylor,
 
 981 So.2d 440, 441 (Ala.Civ.App.2007) (quoting
 
 McMurphy v. East Bay Clothiers,
 
 892 So.2d 395, 397 (Ala.Civ.App.2004)). “The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.”
 
 Hubbard v. Hubbard,
 
 935 So.2d 1191, 1192 (Ala.Civ.App.2006) (citing
 
 Jim Walter Homes, Inc. v. Holman,
 
 373 So.2d 869, 871 (Ala.Civ.App.1979)). “[A] final judgment is a ‘terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.’ ”
 
 Dees v. State,
 
 563 So.2d 1059, 1061 (Ala.Civ.App.1990) (quoting
 
 Tidwell v. Tidwell,
 
 496 So.2d 91, 92 (Ala.Civ.App.1986)).
 

 
 *926
 
 The mother’s August 1, 2007, motion for contempt was filed as a part of her responses to the father’s postdivorce petition to, among other things, modify custody of the children. The mother’s August 1, 2007, motion for contempt was based on the father’s failure to comply with the portion of the trial court’s June 29, 2007, order requiring the father to remain current on his child-support payments. For all that appears in the record, the trial court never ruled on the mother’s August 1, 2007, motion for contempt.
 
 [2]
 
 “[D]uring a postdivorce proceeding, [if] the trial court fails to rule on every pending contempt motion, its failure to do so ... affect[s] the finality of the judgment in the postdivorce proceeding because, in such circumstances, the filing of each contempt motion does not initiate a separate and independent proceeding.”
 
 Decker v. Decker,
 
 984 So.2d 1216, 1220 (Ala.Civ.App.2007). The trial court’s failure to dispose of the mother’s August 1, 2007, motion for contempt renders the trial court’s December 5, 2007, judgment nonfmal. Accordingly, we must dismiss the mother’s appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Rule 59.1, Ala. R. Civ. P., provides that
 

 “[n]o post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record .... A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”
 

 The sufficiency of the parties “joint agreement” was not raised on appeal. However, an ineffective agreement purporting to extend the time to rule upon postjudgment motions could potentially result in an untimely notice of appeal; thus, the sufficiency of the parties' joint agreement has jurisdictional implications, and we have a duty to raise the issue
 
 ex mero motu. See Landers v. Landers,
 
 812 So.2d 1212, 1215 (Ala.Civ.App.2001). After reviewing the parties’ September 19, 2007, joint agreement, we conclude that it satisfies the requirements of Rule 59.1. The joint agreement demonstrates the parties' “express consent” to extend the time allowed under Rule 59.1 and it appears "of record”; thus, the joint agreement was sufficient to extend the trial court's 90-day period for ruling upon postjudgment motions.
 
 See Carter v. Hilliard,
 
 838 So.2d 1062, 1064 (Ala.Civ.App.2002) (“An express consent of the parties, one evidenced by 'positive steps to express [an agreement to extend the 90-day period] in a direct and unequivocal manner,’ is required to extend the 90-day period under Rule 59.1.” (quoting
 
 Personnel Bd. for Mobile County v. Bronstein,
 
 354 So.2d 8, 11 (Ala.Civ.App.1977))).
 

 [2]
 

 . The trial court's December 5, 2007, order does not include a ruling on the mother's motion for contempt. Additionally, the transcript of the trial court's November 15, 2007, hearing reveals that, although counsel for the mother argued that the father remained in violation of the trial court's previous child-support order, the trial court made no oral ruling on the mother's motion for contempt. Furthermore, we note that the mother’s brief on appeal asserts that the father had "agreed that he was in contempt for failure to pay child support as directed by the trial court”; however, the transcript of the November 15, 2007, hearing reveals no such admission by the father or his counsel.