BRYAN, Judge.
 

 Summer E. Sexton (“the mother”) appeals from a judgment of the Butler Circuit Court (“the trial court”) divorcing her from Glenn Ray Sexton (“the father”) insofar as it awarded custody of the parties’ three minor children to the father, reserved the issue of child support, failed to find the father in contempt, and denied her motion for a new trial.
 

 The parties were married on April 28, 2000, and three children were born of the marriage: a girl born in October 2000, a girl born in September 2001, and a boy born in November 2002 (hereinafter referred to collectively as “the children”). The record on appeal reveals that the parties separated on April 17, 2006, and that the mother and the children moved to Mount Vernon, Illinois, on November 19, 2007. In 2007, after the parties had separated, the mother initiated a proceeding in the Butler District Court, seeking an award of child support. On August 1, 2007, the father was ordered to pay $283 a month in child support.
 
 [1]
 

 On June 30, 2008, the father filed a complaint for a divorce in which he requested sole physical custody of the children and an award of child support, along with other general relief. On July 17, 2008, the mother filed an answer to the father’s complaint and a counterclaim for a divorce, in which she alleged, among other things, that the father had subjected her to physical, mental, and emotional abuse during the course of the parties’ marriage. The mother sought an award of custody of the children and an order requiring the father to continue to pay child support pursuant to Rule 32, Ala. R. Jud. Admin. The mother also requested that the trial court find the father in contempt for failing to pay child support as ordered in the district-court action. The mother attached a “Court Order Payment Summary” from the Alabama Child Support Enforcement Division of the Alabama Department of Human Resources dated July 17, 2008, that stated that the “total amount due for this court order” was $4,245. The mother further requested that the trial court consolidate the existing child-support action in the district court with the divorce action in the trial court. The mother also filed a motion for temporary relief, requesting that the trial court order that the children be immediately returned to the mother because the father had failed to return custody of the children to the mother after she had allowed the children to visit the father.
 

 
 *1282
 
 On July 29, 2008, the father also filed a motion for temporary relief, requesting that he be awarded custody and child support pendente lite. On August 1, 2008, the trial court held a pendente lite hearing, and on September 17, 2008, the trial court entered a pendente lite order that awarded custody of the children to the mother and set the matter for a final hearing on October 10, 2008. However, the parties subsequently agreed to submit the case for a final judgment based on the testimony that had been presented at the pendente lite hearing and to forgo a “final” hearing on the merits.
 
 [2]
 

 On January 5, 2009, the trial court entered a judgment that, among other things, divorced the parties, awarded the parties’ joint legal custody of the children, awarded the father primary physical custody of the children, awarded the mother liberal visitation with the children, reserved the issue of child support, and denied all other relief requested by the parties that was not granted in the judgment.
 

 On February 3, 2009, the mother filed a motion to alter, amend, or vacate the January 5, 2009, judgment or, in the alternative, a motion for a new trial, pursuant to Rule 59, Ala. R. Civ. P. The mother’s postjudgment motion was denied by operation of law.
 
 See
 
 Rule 59.1, Ala. R. Civ. P.
 
 [3]
 
 The mother timely appealed.
 

 The mother raises the following issues on appeal: (1) whether the trial court erred in awarding custody of the children to the father; (2) whether the trial court erred by reversing its pendente lite order regarding custody of the children after hearing no additional evidence; (3) whether the trial court erred in failing to consolidate the child-support action in the district court with the divorce action; (4) whether the trial court erred by failing to find the father in contempt for his failure to pay child support; and (5) whether the trial court erred by failing to order a new trial.
 

 Although neither party has addressed whether this court has jurisdiction to hear this appeal, “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu.” Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987). Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal.
 
 Hamilton ex rel. Slate-Hamilton v. Connally,
 
 959 So.2d 640, 642 (Ala.2006). A judgment is not final if it fails to completely adjudicate all issues between the parties.
 
 Giardina v. Giardina,
 
 39 So.3d 204, 207 (Ala.Civ.App.2009) (citing
 
 Butler v. Phillips,
 
 3 So.3d 922, 925 (Ala.Civ.App.2008)).
 

 In its January 5, 2009, judgment, regarding child support, the trial court stated:
 

 
 *1283
 
 “The issue of child support is reserved unto the Court. The Court cannot find in the record any form CS-41’s from which to calculate child support. Since child support between these parties is being handled by the [District] Court in case CS-2007-44, either party may seek modification and equalization of child support payments in that case or file a motion to determine support in this matter.”
 

 In
 
 A.S. v. W.T.J.,
 
 984 So.2d 1196, 1202 (Ala.Civ.App.2007), this court held that once a circuit court had “acquired subject-matter jurisdiction over matters of custody [when it adjudicated that issue as part of a divorce action], it also [had] acquired subject-matter jurisdiction over matters pertaining to visitation and child support.” Furthermore, we have noted “that it is the general rule that a court of equity, vested with jurisdiction in a particular case, proceed to resolve all issues placed before it and ‘settle all the equities between the parties.’”
 
 Wright v. Wright,
 
 882 So.2d 361, 363 (Ala.Civ.App.2003) (quoting
 
 Creel v. Creel,
 
 342 So.2d 793, 794 (Ala.Civ.App.1977)).
 

 In its judgment, the trial court reserved jurisdiction over the issue of child support in the event that either party filed a motion to determine child support with that court. The record reveals that both parties, in their pleadings, had requested that the trial court award child support in the divorce action.
 
 [4]
 
 “An order is generally not final unless it disposes of all claims or the rights and liabilities of all parties.”
 
 Carlisle v. Carlisle,
 
 768 So.2d 976, 977 (Ala.Civ.App.2000) (citing Rule 54(b), Ala. R. Civ. P., and
 
 Ex parte Harris,
 
 506 So.2d 1003, 1004 (Ala.Civ.App.1987)). We conclude that the trial court’s January 5, 2009, judgment failed to adjudicate all the issues properly before that court and that, therefore, it was a nonfinal judgment. “ ‘When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.’ ”
 
 Young v. Sandlin,
 
 703 So.2d 1005, 1008 (Ala.Civ.App.1997) (quoting
 
 Powell v. Republic Nat’l Life Ins. Co.,
 
 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)). Therefore, we dismiss the mother’s appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The record is unclear as to how the district court acquired jurisdiction to order the father to pay child support during the parties’ separation but before either party filed for divorce.
 

 [2]
 

 . There is no record of a hearing held on October 10, 2008, nor is there any record of the parties' agreement to submit the case for a final judgment based on the testimony that had been presented at the pendente lite hearing. The case-action summary shows that notice of the final hearing on October 10, 2008, was sent to the parties’ attorneys on September 24, 2008, but the next entry in the case-action summary is the entry of the January 5, 2009, judgment.
 

 [3]
 

 . Rule 59.1 provides that a postjudgment motion that is not ruled on by the court within 90 days is deemed denied at the expiration of the 90-day period. The 90th day following the mother's filing of her postjudgment motion on January 5, 2009, was Sunday, May 5, 2009. Therefore, the mother’s postjudgment motion was deemed denied on Monday, May 6, 2009.
 
 See First Alabama Bank v. McGowan,
 
 758 So.2d 1116 (Ala.Civ.App.2000), and
 
 Richburg v. Cromwell,
 
 428 So.2d 621 (Ala.1983).
 

 [4]
 

 . Despite the father's request for child support in his complaint for a divorce and his motion for temporary relief, the father testified at the pendente lite hearing that he did not want child support from the mother. Our supreme court has held that a child has an inherent right to support from their parents and that a parent may not permanently waive an award of child support.
 
 See Ex parte Tabor,
 
 840 So.2d 115, 120 (Ala.2002). However, in
 
 Dunn v. Dunn,
 
 891 So.2d 891, 896-97 (Ala.Civ.App.2004), this court affirmed a judgment that did not require the non-custodial parent to pay child support when the custodial parent had waived an award of child support. In
 
 Dunn,
 
 the trial court explained its deviation from the child-support guidelines set forth in Rule 32, Ala. R. Jud. Admin., citing the incomes of the parties and the debt assigned to the non-custodial parent in the divorce judgment.
 
 Id.
 
 at 893. In the present case, the trial court reserved the issue of child support altogether — its failure to award child support was not contemplated as a deviation from the child-support guidelines. When the trial court enters an order regarding child support in this case, it may deviate from the child-support guidelines if it determines that a deviation is appropriate and it states its reasons for the deviation in accordance with Rule 32(A)(ii), Ala. R. Jud. Admin.