BRYAN, Judge.
Janice V. Lowe (“the former wife”) appeals from a judgment entered by the Jefferson Circuit Court (“the trial court”) that modified custody of two children who were born during her marriage to Courtney M. Lowe (“the former husband”) and that denied her request for an award of an alimony arrearage.
The record on appeal reveals that the parties were divorced by the Talladega Circuit Court in November 2004. Pursuant to the divorce judgment, which incorporated an agreement of the parties, the parties were purportedly awarded joint legal and physical custody of their three *1024 children, but the judgment also indicated that the children’s primary residence would be the former wife’s residence, that the former husband was awarded visitation with the children, and that the former husband would pay child support. In September 2005, the former husband filed a petition to modify custody of the children in the Talladega Circuit Court, and, in October 2005, the former wife filed a petition alleging that the former husband owed a child-support arrearage. Upon agreement of the parties, the proceedings were transferred to the trial court in October 2005. Thereafter, the parties filed additional requests for relief from and/or modification of their divorce judgment. In May 2008, the trial court entered a judgment that confirmed an agreement reached by the parties on issues pending before the trial court.
The present action, case no. DR-05-2673.01, was initiated on April 16, 2009, when the former wife filed a petition for a rule nisi alleging that the former husband owed an arrearage in his child-support, alimony, and postminority-educational-sup-port obligations. On December 21, 2009, the former husband filed a petition to modify custody of the parties’ two children who were still minors, and he sought an award of child support payable by the former wife. On December 1, 2010, the trial court entered a judgment that modified custody of the parties’ two minor children and set forth the former wife’s visitation schedule. Although the former husband had specifically requested an award of child support, the trial court’s judgment states: “It is noted that there was no evidence presented as to the parties’ incomes, and no child-support forms were submitted to the Court. Therefore, the issue of child support is reserved.”
The former wife filed an “application for rehearing,” which was subsequently denied by the trial court, and, on April 15, 2011, she filed a notice of appeal from the order entered on December 1, 2010. The record submitted on appeal does not contain any further submissions or orders relating to child support.[1]
Before we can address the issues raised by the former wife on appeal, we must determine whether this court has jurisdiction over the former wife’s appeal in light of the fact that the order from which the former wife appealed did not adjudicate all the issues properly before that court; specifically, the order did not adjudicate the former husband’s request for an award of child support. This court, in Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala.Civ.App. 2010), was faced with similar circumstances. In that case, we stated:
“Although neither party has addressed whether this court has jurisdiction to hear this appeal, ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal. Hamilton ex rel. Slate-Hamilton v. Connally, 959 So.2d 640, 642 (Ala.2006). A judgment is not final if it fails to completely adjudicate all issues between the parties. Giardina v. Giardina, 39 So.3d 204, 207 (Ala.Civ.App.2009) (citing Butler v. Phillips, 3 So.3d 922, 925 (Ala.Civ.App. 2008)).”

Id.

In Sexton, the trial court reserved ruling on both parties’ request for an award of *1025 child support in a divorce action. Id. at 1283. We concluded that the appeal was taken from a nonfinal judgment because it did not “‘dispose[] of all claims or the rights and liabilities of all parties.’ ” Id. (quoting Carlisle v. Carlisle, 768 So.2d 976, 977 (Ala.Civ.App.2000)). Because the trial court in the present case did not “adjudicate all the issues properly before that court,” Sexton, 42 So.3d at 1283, we must conclude that the former wife’s appeal was taken from a nonfinal judgment and that her appeal must be dismissed. Id. (quoting Young v. Sandlin, 703 So.2d 1005, 1008 (Ala.Civ.App.1997), quoting in turn Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)) (“ ‘ “When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.” ’ ”).[2]
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. We note that the record on appeal does not contain a transcript of the ore tenus proceedings in this case. However, the record does contain a statement of the evidence that was approved by the trial court pursuant to Rule 10(d), Ala. R.App. P.

. We note that this case is distinguishable from cases such as Parker v. Parker, 946 So.2d 480, 486 (Ala.Civ.App.2006), in which this court held that a divorce judgment was final despite the fact that the trial court had reserved ruling on the issue of child support. In Parker, the trial court reserved ruling on the issue of child support because of the noncustodial parent’s lack of income, and we held that, because the trial court did not reserve ruling on the child-support issue pending the occurrence of a specific event, such as the submission of child-support forms, the judgment was final. Id. See also M.S.M. v. M.W.M., 72 So.3d 626, 636 (Ala.Civ.App. 2011) (holding that a divorce judgment that suspended the noncustodial parent's child-support obligation because of the noncustodial parent’s unemployment was a final judgment). In the present case, there is no indication that the former wife was unemployed or that she otherwise lacked income from which she could pay child support. Instead, the record indicates that there was simply no evidence presented by the parties from which the trial court could have determined the former wife’s child-support obligation. See Tomlinson v. Tomlinson, 816 So.2d 57, 58 (Ala.Civ.App.2001) (dismissing an appeal as having been taken from a nonfinal judgment when the trial court’s judgment stated that it would determine the noncustodial parent's child-support obligation upon submission of the appropriate child-support forms).