DONALDSON, Judge.
James B. Sizemore (“the father”) appeals from an order of the Monroe Circuit Court (“the trial court”) directing him to incur the travel expenses necessary for the parties’ minor child to visit Lanette Size-more (“the mother”). Because the order appealed from is not a final judgment, we dismiss the appeal.
The mother and the father were apparently divorced pursuant to the terms of a settlement agreement that was incorporated into a judgment apparently entered on November 14, 2006.[1] According to the parties’ filings, the divorce judgment granted the mother and the father joint physical custody of the parties’ only child, M.S. (“the child”), who was born on August 19, 2004. The divorce judgment apparently required the mother and the father to alternate custody, with each having custody of the child 3 and a half days per week.
On April 19, 2007, the father initiated the current action by filing a “Motion for *621 Order to Show Cause and Petition for Modification of Custody.” The father’s pleading initiated a new action, which was docketed as case no. DR-06-61.02. In his pleading, the father sought to hold the mother in contempt for failing to comply with certain provisions of the divorce judgment; specifically, the father alleged that the mother had failed to comply with the divorce judgment by violating its visitation provisions, by failing to make mortgage payments on the marital residence, and by refusing to use insurance proceeds to repair damage to the marital residence. The father also requested that, due to a material change in circumstances, he be awarded sole custody of the child and that the mother be granted supervised visitation. The father contemporaneously filed an ex parte motion for temporary relief, seeking sole custody of the child during the pen-dency of the action, which was granted by the trial court on April 19, 2007. On May 8, 2007, the trial court entered an order granting the mother’s motion to vacate the order granting the father’s ex parte motion for temporary relief and reinstating the custody provisions of the divorce judgment. ■
On May 17, 2007, the mother filed an answer to the father’s April 19, 2007, pleading requesting a modification of custody and seeking to hold the mother in contempt. On June 20, 2007, the mother filed a counterpetition for modification in which she requested sole custody of the child.
Between August 2007 and December 2010, the parties primarily litigated over pendente lite custody and visitation. Upon motion of the father for ex parte “temporary” custody of the child, the trial court entered an order on April 21, 2008, reiterating that custody of the child during the pendency of the action should continue in accordance with the custody provisions of the divorce judgment. Upon yet another ex parte motion for “temporary” custody filed by the father on September 3, 2008, in which the father specifically alleged that the mother’s continuing to share joint custody could impact the health and welfare of the child, the trial court entered on the same date a “temporary” order, to be effective until the trial court entered a judgment after a final hearing, awarding the father sole custody of the child, subject to the mother’s right to visitation with the child at the father’s home under the supervision of the child’s paternal grandmother. An order of the trial court dated September 12, 2008, set the matter for final hearing on November 5, 2008, and ordered the Alabama Department of Human Resources to conduct a home study on the mother’s residence. The November 5, 2008, hearing, however, was continued by the trial court due to the mother’s inability to attend. According to the record, the mother apparently relocated from Monroe County to the State of Nevada around September 2008. The trial court entered orders on November 24, 2008, June 4, 2009, December 7, 2009, and December 6, 2010, setting or modifying a schedule for the mother for unsupervised summertime and holiday visitation with the child. In the orders dated June 4, 2009, December 7, 2009, and December 6, 2010, the trial court stated that it was reserving jurisdiction over all other matters in the cause. On July 24, 2012, the father filed a petition to modify custody and visitation. In that petition, he requested, among other things, that the trial court revoke any previously issued visitation orders entered by the court, that the trial court enter an order “clarifying” that he had been awarded sole physical custody of the child and that the trial court award the mother supervised visitation in Alabama. The father contemporaneously filed an ex parte motion for emergency pendente lite relief and a petition for con *622 tempt. In that ex parte motion, the father asserted that the mother had violated a previous order of the trial court by failing to return the child from Nevada following a scheduled visitation and requested that the court enter an order directing the mother to return the child. He also requested that the trial court temporarily suspend the mother’s visitation rights. In the contempt petition, the father sought to hold the mother in civil contempt for failing to return the child pursuant to the previous visitation order.
On August 22, 2012, the trial court entered an order declaring the father’s most recent ex parte motion for emergency relief to be moot because the child had been returned to Alabama. The trial court held a hearing on the father’s remaining July 24, 2012, petitions and motions on November 14, 2012. Following that hearing, the trial court entered an order on November 14 in which it denied the father’s petition to modify the mother’s visitation but granted the father’s petition for contempt, and it awarded the father reimbursement for out-of-pocket expenses he had incurred in having the child transported from Neva: da to Alabama. The trial court further provided in its order that the mother and the father were to coordinate with each other to establish future visitation schedules and that the father would be required to pay for the child’s travel to and from visitations with the mother. On December 12, 2012, the father purported to file a motion to alter, amend, or vacate or, in the alternative, for a new trial. The record reveals that the trial court did not rule upon that motion. The father subsequently appealed to this court.
On appeal, the father contends that the trial court exceeded its discretion by requiring the father to pay the child’s travel expenses to and from scheduled visitations with the mother in Nevada.[2] The father contends that the trial court erred by granting relief that was not requested by either party.
As a threshold matter, this court must first address whether we have jurisdiction over this appeal.
“ ‘[J]urisdictional matters are of such magnitude that We take notice of them at any time and do so even ex mero motu.’ Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal. Hamilton ex rel. Slate-Hamilton v. Connally, 959 So.2d 640, 642 (Ala.2006). A judgment is not final if it fails to completely adjudicate all issues between the parties. Giardina v. Giardina, 39 So.3d 204, 207 (Ala.Civ.App.2009) (citing Butler v. Phillips, 3 So.3d 922, 925 (Ala.Civ.App.2008)).”
Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala.Civ.App.2010). “An order is generally not final unless it disposes of all claims or the *623 rights and liabilities of all parties.” Carlisle v. Carlisle, 768 So.2d 976, 977 (Ala.Civ.App.2000) (citing Rule 54(b), Ala. R. Civ. P., and Ex parte Harris, 506 So.2d 1003,1004 (Ala.Civ.App.1987)).
The underlying action was initiated in April 2007 when the father filed a motion to show cause and a petition for modification of custody. Although the trial court entered various emergency and “temporary” orders concerning custody of the child and addressing the mother’s visitation, at no point in the protracted litigation has the trial court ever entered a final judgment. None of the orders entered by the trial court addresses the father’s initial request for the mother to show cause why she should not be held in contempt for failing to abide by the provisions of the divorce judgment. The issue of contempt remains pending before the trial court. Further, although the trial court awarded the father custody of the child on a “temporary” basis in its September 3, 2008, order, it is apparent from the face of that order that the trial court intended for it to be a “ ‘pendente lite order — which is effective only during the pendency of the litigation and is usually replaced by the entry of a final judgment at the end of the litigation ....’” Scarborough v. Scarborough, 54 So.3d 929, 937 (Ala.Civ.App.2010) (quoting Hodge v. Steinwinder, 919 So.2d 1179, 1182 (Ala.Civ.App.2005)). The September 3, 2008, order was entered ex parte, without the mother being provided an opportunity to respond. Further, the trial court specified in that order that it intended to hold a final hearing on the matter. Our review of the record leads us to conclude that the child remains in the custody of the father pursuant to an ex parte pendente lite order.
Likewise, the trial court’s November 2012 order, which was entered in response to the father’s August 2012 motion seeking modification and enforcement of the trial court’s previous orders, did not make a final determination as to custody or address the issues raised in the father’s April 2007 contempt filing. Thus, the November 14, 2012, order does not constitute a final, appealable judgment.
“ ‘ “When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.” ’ Young v. Sandlin, 703 So.2d 1005, 1008 (Ala.Civ.App.1997) (quoting Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)).”
Sexton, 42 So.3d at 1283. Accordingly, we dismiss the father’s appeal because it does not arise from a final judgment.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, without writing.

. Neither the divorce judgment nor the settlement agreement are a part of the record on appeal.

. We note that attached to the mother's brief are documents that are not in the certified record on appeal. Further, Hayden A. Glass, who claims to be the father's current wife and who is not a party to the underlying action, has submitted an affidavit to this court that, too, is not a part of the certified record on appeal.
“As we have stated on many prior occa- ■ sions, ‘[a]n appellate court is confined in its review to the appellate record, that record cannot be "changed, altered, or varied on appeal by statements in briefs of counsel,” and the court may not "assume error or presume the existence of facts as to which the record is silent.” ' Beverly v. Beverly, 28 So.3d 1, 4 (Ala.Civ.App.2009) (quoting Quick v. Burton, 960 So.2d 678, 680-81 (Ala.Civ.App.2006)).”
Dreading v. Dreading, 84 So.3d 935, 937 (Ala.Civ.App.2011). Because those additional documents are not a part of the record on appeal, they have not been considered by this court.