DONALDSON, Judge.
The City of Birmingham (“the city”) appeals from a summary judgment entered by the Jefferson Circuit Court (“the trial court”) in five separate actions that had been consolidated by the trial court. The trial court entered a judgment in favor of James M. Terrell (case no. CV-12-881); P. Michael Yancey (case no. CV-12-882); Phillip W. McCallum (case no. CV-12-883); J. Matthew Stephens (case -no. CV-12-884); and Robert G. Methvin, Jr. (case no. CV-12-885)(hereinafter collectively referred to as “the taxpayers”) in their respective actions appealing from the city’s assessment of taxes, penalties, and interest pursuant to the city’s business-license-tax ordinance. This court consolidated the respective appeals before this court ex mero motu.[1] Because the trial court’s order from which these appeals were taken is not a final judgment, we dismiss the appeals.
The taxpayers are attorney shareholders in the law firm of McCallum Meth-vin & Terrell, P.C. (“the law firm”). The law firm maintains a single office location within the city limits of the city. The taxpayers are licensed to practice law in Alabama and certain other jurisdictions, and they perform legal services for clients in the city and throughout other parts of the United States. The city assesses a business-license tax on attorneys practicing within the city limits, pursuant to Schedule 014 of the City of Birmingham Ordinance No. 97-183, according to which the tax liability is calculated based on “gross receipts from services rendered within the City of Birmingham.” There is no dispute that for the tax years 2008, 2009, 2010, and 2011, the taxpayers did not pay the city’s business-license taxes on gross receipts generated from legal services provided outside the city limits. On or about March 28, 2011, the city initiated a tax audit of the taxpayers’ financial records. At the conclusion of the audit, the city stated that the taxpayers had underre-ported their gross receipts by excluding fees received from services performed outside the city limits or fees received from clients residing outside the city limits. The city assessed against each taxpayer a deficiency amount and demanded payment of the amount. The taxpayers each paid the assessments under protest, and on June 2, 2012, they each filed a separate appeal to the trial court disputing the assessments. The trial court consolidated the appeals. The taxpayers and the city filed competing motions for a summary judgment with the trial court, and the trial court held a hearing on those motions on October 3, 2012.[2] On December 26, 2012, the trial court entered a detailed order noting that all “parties agree that there is *140 no genuine issue of material fact and that one side or the other is entitled to judgment as a matter of law.” The trial court ruled that “[t]he plain, ordinary and commonly understood meaning of the term ‘services rendered within the City of Birmingham’ cannot encompass services rendered outside the City of Birmingham.... Therefore, the base of the City’s business license tax is limited to only those receipts derived from services rendered wholly within the city.” The trial court ruled that the taxpayers were entitled to judgment as a matter of law, denied the city’s motion, and declared the judgment final. With respect to the correct amount to be assessed against each taxpayer for the tax years in dispute, the trial court stated:
“When it is difficult or impractical for a taxing authority to apportion between interstate and intrastate activity, an apportionment formula can and should be employed. The City maintains that it would be impractical or impossible to fairly apportion its tax. The Court has confidence in the ability of the parties to determine the amount of gross receipts for legal services rendered in the City of Birmingham. By its own terms, the license tax does not apply to fees earned for services performed outside the City of Birmingham.”
The trial court ordered:
“The parties are instructed to determine the amount of tax [that] is due from [the taxpayers] to the [city] for the years in question. If they cannot do so, the Court will appoint a mediator or a Special Master to assist them in determining the amount due for the tax years in question. When the amount of taxes due is determined, the [c]ity will refund to the [each taxpayer] the difference between those taxed paid for the years in question and those taxes which may be due.”
The judgment did not contain language certifying it as final pursuant to Rule 54(b), Ala. R. Civ. P. The city filed these appeals to the supreme court and the supreme court transferred the appeals to this court pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, the city argues four issues: 1) whether the trial court’s judgment was a nonfinal judgment under Rule 54(b); 2) whether the trial court erred in interpreting Ordinance No. 97-183; 3) whether the taxpayers failed to meet their burden of proof to support a summary judgment in their favor; and 4) whether the trial court erroneously construed a perceived ambiguity in Ordinance No. 97-183 against city.
As a threshold matter, we must first address whether we have jurisdiction over these appeals, specifically whether the judgment is sufficiently final to support appellate review.
“ ‘[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal. Hamilton ex rel. Slate-Hamilton v. Connolly, 959 So.2d 640, 642 (Ala. 2006). A judgment is not final if it fails to completely adjudicate all issues between the parties. Giardina v. Giardina, 39 So.3d 204, 207 (Ala.Civ.App.2009) (citing Butler v. Phillips, 3 So.3d 922, 925 (Ala.Civ.App.2008)).”
Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala. Civ.App.2010). “An order is generally not final unless it disposes of all claims or the rights and liabilities of all parties.” Carlisle v. Carlisle, 768 So.2d 976, 977 (Ala. Civ.App.2000) (citing Rule 54(b), and Ex parte Harris, 506 So.2d 1003, 1004 (Ala. Civ.App.1987)).
*141 Although the trial court entered what it styled as a “Final Summary Judgment” and although it stated that its order “constitutes a Final Judgment in this case,” the trial court left an issue requiring a further determination to be made by the parties— i.e., the amount of tax that is due from each taxpayer — and it contemplated the procedure it intended to employ to mediate any potential disagreement between the parties as to the central issue of these cases — i.e., how much each taxpayer owes the city in business-license taxes' under a proper calculation of their gross receipts under Schedule 014 of Ordinance No. 97-183.
The parties did not agree as to what those amounts should be, and the trial court’s judgment, anticipating the parties’ inability to reach an agreement, establishes a method for resolving the as-yet-to-be-determined amount of tax to be paid by or refunded to each taxpayer. The issue of the specific amount of tax liability of each taxpayer remains pending before the trial court. Therefore, the December 26, 2012, order does not constitute a final, appealable judgment.
“ ‘ “When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.” ’ Young v. Sandlin, 703 So.2d 1005, 1008 (Ala.Civ.App. 1997) (quoting Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)).”
Sexton, 42 So.3d at 1283. Accordingly, we dismiss the city’s appeals because they do not arise from a final judgment.
2120736 — APPEAL DISMISSED.
2120737 — APPEAL DISMISSED.
2120738 — APPEAL DISMISSED.
2120739 — APPEAL DISMISSED.
2120740 — APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. The city filed five separate appeals. However, it styled each appeal "City of Birmingham v. Robert G. Methvin, Jr., et al.” Each appeal corresponds to an underlying action initiated by one of the taxpayers: appeal no. 2120736 — James M. Terrell; appeal no. 2120737 — P. Michael Yancey; appeal no. 2120738 — Phillip W. McCallum; appeal no. 2120739 — J. Matthew Stephens; and appeal no. 2120740 — Robert G. Methvin, Jr.

. The city’s motion was styled as a motion for a judgment on the pleadings or, in the alternative, for a summary judgment.