DONALDSON, Judge.
Generally, an appeal may be taken only from a final judgment. See § 12-22-2, Ala. Code 1975. In this case, an appeal was taken from an order entered by the Elmore Circuit Court (“the trial court”) that is not final because the trial court has not ruled on all the claims asserted in proceedings seeking modification of a divorce judgment. Accordingly, we dismiss the appeal.
Ashley Michelle Whatley (“the mother”) and Michael James Howe (“the father”) were divorced by a judgment of the trial court on November 23, 2004 (“the divorce judgment”). The divorce judgment granted the mother and the father joint legal custody and the mother sole physical custody of the parties’ three children, B.H., G.H., and S.H. (“the children”), subject to the father’s visitation. The divorce judgment also required the father to pay child support to the mother in an amount not specified in the record on appeal. The divorce judgment further permitted the father to claim the income-tax dependency exemption for one of the children and permitted the mother to claim the exemption for two of the children. At some point after entry of the divorce judgment, the father moved to Texas. In 2007, the trial court entered a judgment modifying the divorce judgment (“the 2007 modification judgment”) by reducing the father’s child-support obligation and by requiring the mother to cover the costs of medical insurance for the children.
*476 On August 21, 2012, the father filed in the trial court a petition to modify the divorce judgment asserting that there had been “a substantial change in circumstances” regarding B.H. and that B.H.’s best interests would be materially promoted by a change of physical custody of B.H. from the mother to the father. On September 21, 2012, the mother filed an answer and a counterpetition seeking to modify the divorce judgment and the 2007 modification judgment, in which she sought an order (1) increasing the amount of the father’s child-support obligation, (2) granting her sole physical and legal custody of the children due to the father’s relocation to Texas, (3) altering the visitation schedule set forth in the divorce judgment, (4) allowing her to claim the income-tax dependency exemption as to all three children, and (5) requiring the father to maintain life insurance on his life for the benefit of the children. Regarding her request for an increase in child support, the mother alleged that she had incurred additional expenses to care for the children as a result of the father’s relocation to Texas, that the father’s income and financial resources had increased since the entry of the 2007 modification judgment, and that the expenses associated with the children had increased. The mother requested “a change in the amount of child support paid to her each month, a change in the reimbursement split between the [father] and [the mother] for out of pocket extracurricular, medical, and dental expenses, and for the [father] to be responsible for the costs of travel for the minor children to visit with the [father] in Texas.” In his answer to the mother’s counterpetition, the father asserted, among other things, that he should he be awarded physical custody of B.H., that he should be allowed to claim B.H. for income-tax-exemption purposes, and that, should the trial court order him to maintain a life-insurance policy, the trial court should require the same of the mother.
A trial was held on the father’s petition and the mother’s counterpetition on May 14, 2013. No record was made of the trial proceedings. On May 14, 2013, the trial court entered an order denying the father’s request for modification of custody of B.H. and denying the mother’s request for sole physical and legal custody of the children, although it modified the provisions of the divorce judgment as it related to the father’s visitation schedule. The trial court’s order did not grant the mother’s request for an increase in the father’s child-support obligation. Instead, the trial court reduced the father’s child-support obligation. The trial court’s order did not address the mother’s requests for an order requiring the father to obtain life insurance and for an order granting her the right to claim all the children for income-tax-exemption purposes.
On June 5, 2013, the mother filed a motion to reconsider certain aspects of the May 14, 2013, order, asserting that the reduced child-support obligation of the father was not consistent with the child-support guidelines as set out in Rule 32, Ala. R. Jud. Admin., and that the trial court had failed to consider the mother’s monthly obligation of $374.63 to provide health insurance for the children and evidence concerning a $200 monthly gift the father received from his parents. The trial court set the motion for a hearing on August 29, 2013, but it subsequently canceled that hearing. Ultimately, no hearing was held on the motion. The mother filed a notice of appeal to this court on October 7, 2013. Because the trial was not transcribed by a court reporter, the trial court entered an order on July 14, 2014, pursuant to Rule 10(d), Ala. RApp. P., to settle the record concerning the testimony taken at the May 14, 2013, trial. Neither party *477 objected to the order. That order, which contained the trial court’s rendition of the ore tenus testimony presented at trial, was incorporated into the record on appeal. The matter was submitted to this court on October 27, 2014.
On appeal, the mother contends (1) that the trial court’s order reducing the father’s child-support obligation violated her due-process rights because the mother did not receive notice that the father was seeking a modification of child support, (2) that the trial court erred in failing to hold a hearing on the mother’s purported post-judgment motion, and (3) that the trial court erred in calculating the amount of child support owed by the father because it failed to take into consideration the mother’s payment of the health-insurance premiums for the children and the father’s receipt of $200 monthly from his parents.
Generally, we have no jurisdiction over nonfinal judgments, and, as a threshold matter, we must determine whether the trial court’s order of May 14, 2013, is sufficiently final to invoke this court’s jurisdiction.
“ ‘[J]urisdietional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal. Hamilton ex rel. Slate-Hamilton v. Connally, 959 So.2d 640, 642 (Ala.2006). A judgment is not final if it fails to completely adjudicate all issues between the parties. Giardina v. Giardina, 39 So.3d 204, 207 (Ala.Civ.App.2009) (citing Butler v. Phillips, 3 So.3d 922, 925 (Ala.Civ.App.2008)).”
Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala.Civ.App.2010). “An order is generally not final unless it disposes of all claims or the rights and liabilities of all parties.” Carlisle v. Carlisle, 768 So.2d 976, 977 (Ala. Civ.App.2000) (citing Rule 54(b), Ala. R. Civ. P., and Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987)).
Although the May 14, 2013, order denied the father’s request for custody of B.H., modified the father’s child-support obligation, modified the visitation schedule, and denied the mother’s request for an order of sole physical and legal custody, the mother’s claims seeking an order directing the father to maintain life insurance and a modification of the tax-exemption provisions of the divorce judgment remain pending. Because the trial court’s May 14, 2013, order did not dispose of all the issues raised in the mother’s counterpetition for modification and because the record on appeal does not indicate that those issues were adjudicated, that order is not a final judgment. Therefore, this court does not have subject-matter jurisdiction to consider the merits of this appeal. Accordingly, we dismiss the mother’s appeal. See Kimbrough v. Kimbrough, 963 So.2d 662, 666 (Ala.Civ.App.2007). See also Tomlinson v. Tomlinson, 816 So.2d 57, 58 (Ala.Civ. App.2001), and Reid v. Reid, 844 So.2d 1212, 1214-15 (Ala.Civ.App.2002).
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.