REL:  April 7, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2022-0717

_____

**David Lovering**

v.

**Dana Lovering**

**Appeal from Elmore Circuit Court**
**(DR-19-40)**

EDWARDS, Judge.

David Lovering ("the husband") appeals from an order entered by the Elmore Circuit Court ("the trial court") in divorce proceedings between him and Dana Lovering ("the wife").

The parties married in March 2011.  They have two children, twins who were born in May 2012.  In April 2019, the wife filed a divorce

petition in the Chilton Circuit Court, and, after a motion to dismiss for improper venue filed by the husband, that court entered an order transferring the case to the trial court. Thereafter, the husband filed an answer and a counterclaim for a divorce, and the wife filed a reply to the husband's counterclaim. Each party requested an award of sole physical custody of the children and an award of attorney fees.

After a motion filed by the wife, the trial court entered a pendente lite order awarding her possession of the marital residence and custody of the children and ordering the parties to maintain the status quo as to asset preservation and financial matters. In June 2019, the husband filed a motion to show cause, requesting that the wife be held in contempt because, according to him, she had ceased depositing her paycheck into the parties' joint bank account that was used to pay their living expenses and had made large, extraordinary withdrawals from that account. The wife filed a response, denying the allegations in the husband's motion to show cause.

The trial court received ore tenus evidence during proceedings held on March 31 and April 1, 2021. On April 1, 2021, the trial court entered

an order divorcing the parties on the ground of incompatibility of temperament and granting the parties' request to set the remaining issues for further hearing.

The wife made an offer of judgment to the husband under Rule 68, Ala. R. Civ. P. That offer provided for awarding the parties joint legal custody of the children; awarding the wife sole physical custody; and awarding the husband alternating weekend visitation during the school year, certain holiday visitation, and visitation on alternating weeks during the summer. On February 15, 2022, the wife filed a request for an award of attorney's fees and expenses premised upon the husband's failure to accept the offer of judgment.

The trial court received additional ore tenus evidence during a proceeding held on February 15, 2022, on the remaining issues. On March 23, 2022, the trial court entered an order awarding the parties joint legal custody of the children; awarding the wife sole physical custody of the children; awarding the husband visitation every other weekend, on certain holidays, and on alternating weeks during the summer; ordering the husband to pay the wife $748.59 per month as child

support; and dividing the marital property. As to the marital property, each party was awarded one or more automobiles that the respective party had requested and his or her respective retirement benefits. Also, the husband was ordered to reimburse the wife "the sum of $4,500 from the canceled family Disney trip." As to other personal property, the March 2022 order stated: "Representation that all personal property being divided and distributed. If not, that issue is reserved to this Court." As to the marital residence, the March 2022 order stated that it was "placed in the exclusive possession of [the wife]. The property is to be appraised, with the fee for the appraisal to be taxed to the closing statement. Upon the appraisal, the equity is to be equally divided between the parties, after the payment of the outstanding mortgage and expense of re-finance."

The husband filed a motion requesting that the trial court reconsider its order. After a hearing on that motion, the trial court entered an amended order on April 28, 2022. The April 2022 order granted the wife final decision-making authority with regard to issues concerning the children, see Ala. Code 1975, § 30-3-153; provided each

4

party with access to information regarding the children; provided additional holiday visitation to the husband and addressed visitation exchanges; and addressed issues regarding any future change of residence by a party. The April 2022 order stated that "[t]he balance of the [March 2022 order] is re-affirmed and adopted as if fully set out herein." The husband filed a notice of appeal to this court.

We must first address whether a final judgment has been entered such that this court has jurisdiction over the husband's appeal.

> "'"[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So. 2d 711, 712 (Ala. 1987). Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal. Hamilton ex rel. Slate-Hamilton v. Connally, 959 So. 2d 640, 642 (Ala. 2006). A judgment is not final if it fails to completely adjudicate all issues between the parties. Giardina v. Giardina, 39 So. 3d 204, 207 (Ala. Civ. App. 2009) (citing Butler v. Phillips, 3 So. 3d 922, 925 (Ala. Civ. App. 2008)).'"

Harley v. Anderson, 167 So. 3d 355, 361 (Ala. Civ. App. 2014) (quoting Sexton v. Sexton, 42 So. 3d 1280, 1282 (Ala. Civ. App. 2010)).

At trial, the husband testified that the wife had personal-property items in her possession that he wanted, and his counsel provided a list to the wife's counsel that included 14 personal-property items that the husband wanted in addition to other items that he had already received. The wife testified on the last day of trial that, other than the title to a vehicle that was awarded to her in the March 2022 order, all other personal-property items had been divided between the parties. However, the March 2022 order did not make a final award as to the parties' personal property but instead stated: "Representation that all personal property being divided and distributed. If not, that issue is reserved to this Court." Accordingly, no final judgment has been entered in this case, and the appeal must be dismissed.[1]

APPEAL DISMISSED.

Thompson, P.J., and Moore, Hanson, and Fridy, JJ., concur.

---

[1]Because we are dismissing the appeal, we note for the benefit of the parties and the trial court that there is no order in this case addressing the parties' respective requests for attorney fees or the husband's contempt motion. Further, we note that the wording of the paragraph in the March 2022 order regarding the disposition of the marital residence is ambiguous.