These appeals involve consolidated workmen's compensation cases.
William David Purser was employed by Winston Furniture Company (Winston) in August 1984, when he suffered a lower back injury. His medical and temporary disability expenses were covered by Association Self Insurance Services, Inc. (ASI), Winston's workmen's compensation carrier at that time. Purser returned to his job, but suffered from lower back pain that ultimately required surgery in July 1987.
In May 1988, Purser suffered a sudden onset of back pain while at work and was taken to a hospital. Although Purser returned to his job within a few days, a second back operation was performed in February 1989. At the time of the second incident, Winston's workmen's compensation carrier was North River Insurance Company (North River). ASI continued to pay for Purser's treatment until July 1989, when, following an examination, Purser's doctor advised Purser that the second injury was a new injury, distinct from the 1984 injury, and that Purser should be receiving disability benefits. ASI ceased making medical payments, and applied for and was given a refund of payments already paid.
On May 16, 1990, Purser filed a complaint against Winston, seeking workmen's compensation benefits for permanent and total disability. On May 17, 1990, North River filed a complaint seeking a declaratory judgment against Purser and ASI. The cases were consolidated and tried in January 1991. In December 1991, the trial court entered judgment for Purser, finding him permanently and totally disabled. The trial court found that Purser's second injury was a new or aggravated injury, and that North River was responsible for Purser's medical bills incurred as a result of the second injury. ASI remained responsible for all of Purser's medical bills incurred before May 18, 1988. North River and Winston appeal.
On appeal, North River argues that it had no timely notice of Purser's second injury, and that Purser suffered no permanent disability from his 1988 injury. North River also contends that the trial court erred in adopting the "last injurious exposure" rule and in admitting the deposition of one of North River's representatives, and North River argues that Purser's injuries did not arise in the course of his employment. Winston adopts North River's first two contentions, and additionally argues that the trial court incorrectly computed Purser's weekly wages in determining benefits.
In workmen's compensation cases, a two-step standard of review is used. Initially, this court must determine if there is any legal evidence to support the trial court's findings; if such evidence is found, then we determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91
(Ala. 1991).
Oral notice can be sufficient to satisfy the notice requirements of Ala. Code 1975, § 25-5-78, and written notice is not required if it is shown that the employer had actual knowledge of the injury. Russell Coal Co. v.Williams, 550 So.2d 1007 (Ala.Civ.App. 1989). Actual knowledge sufficient to remove the written notice requirement is a question of fact in each case. Brown-Ray Development,Inc. v. Murphy, 568 So.2d 814 (Ala.Civ.App. 1990). The record shows that Winston had actual notice of the incident the day that it occurred. A supervisor who was aware of Purser's injury followed Purser's ambulance to the hospital, and later took Purser home. Despite this, the record indicates that the supervisor never requested specific information regarding Purser's injury. Clearly, the evidence supports the trial court's conclusion that the employer had sufficient actual knowledge. Brown-Ray, supra.
North River's contention that Purser's injury did not arise out of the course of his employment is likewise meritless. An injury does not "arise out of" one's employment unless there exists a causal connection between the employment *Page 1382 
and the injury. Pope v. Golden Rod Broilers, Inc.,539 So.2d 313 (Ala.Civ.App. 1989). One must be able to trace the injury to a proximate cause set in motion by the employment, rather than some other agency. Phenix Medical Park Hospitalv. Kozub, 575 So.2d 1162 (Ala.Civ.App. 1991). The trial court ruled that Purser's injury arose out of and in the course of his employment. Our examination of the record exposes evidence to support the trial court's findings: specifically, the uncontroverted evidence that Purser's job included considerable standing, twisting, bending, and lifting of objects.
The next issue involves whether Purser's 1988 injury was a new or aggravated injury, or whether it was simply a recurrence of a pre-existing condition from the 1984 injury. The parties agree that the dispute over which insurance company is liable in a successive-injury case is one of first impression in Alabama. The trial court adopted the "last injurious exposure" rule in formulating its opinion. The "last injurious exposure" rule is the majority rule in successive-insurer cases. See 4 A. Larson, The Law of Workmen's Compensation, § 95.20 (1989). Under this analysis, liability falls upon the carrier covering risk at the time of the most recent injury bearing a causal relation to the disability. The characterization of the second injury as a new injury, an aggravation of a prior injury, or a recurrence of an old injury determines which insurer is liable. Larson at § 95.11.
Applying the "last injurious exposure" rule to the facts in the instant case implies that if Purser's 1988 injury is characterized as a new or aggravated injury, then North River is liable for Purser's medical bills and disability payments. This is true even if the second injury would have been much less severe in the absence of the prior condition.Larson at § 95.21. If the injury is characterized as a recurrence of the 1984 injury, then ASI, the first insurer, is responsible for Purser's medical bills. SeeLarson at § 95.21.
North River energetically argues that Purser's 1988 injury is a recurrence of the 1984 injury. Nevertheless, the trial court found that Purser's 1988 injury was a new or aggravated injury. The record reveals that one of Purser's doctors classified the 1988 injury as a new injury. Purser testified that he was injured by bending down to pick up an object. There is legal evidence to support the trial court's finding that Purser's 1988 injury was a new or aggravated injury, and a reasonable view of that evidence supports the trial court's judgment.Eastwood Foods, supra.
This court would be remiss if it did not address the trial court's adoption of the "last injurious exposure" rule. It appears that in the absence of express statutory authority, public policy may best be served by adopting the "last injurious exposure" rule in Alabama. First, this will allow Alabama to conform with the majority of other jurisdictions.Larson at § 95.20. Second, it spares litigants the difficult task of apportioning blame in successive-injury cases. Third, it is easier to administer than its alternatives, thus resulting in judicial economy. Fourth, it is more consistent with Alabama's normal rule for pre-existing injuries, i.e., that the employer (and the employer's insurance carrier) "takes an employee as he finds him at the time of employment." Patterson v. Clarke County Motors, Inc.,551 So.2d 412, 416 (Ala.Civ.App. 1989); see also Merico,Inc. v. Sparks, 567 So.2d 315 (Ala.Civ.App. 1990).
North River contends that the trial court erroneously admitted the deposition of Yvonne Kennedy, a claims representative, to impeach her own testimony at trial. Our review of the record reveals that the trial court admitted the deposition for other purposes; namely, to determine North River's liability under Ala. Code 1975, § 25-5-59. The record does not indicate that Kennedy's deposition was used to impeach her testimony; in fact, the only mention of Kennedy's deposition in the trial court's opinion related to the issue of notice. The *Page 1383 
trial court's ruling included ample findings of evidence concerning the employer's notice of the injury. Therefore, error in admitting Kennedy's deposition, if any, was harmless. Rule 45, A.R.App.P.
North River and Winston further contend that Purser's 1988 injury is without lasting disability, and that his current permanent disability stems from his 1984 injury, thereby relieving North River of liability for disability payments. We disagree. The record reveals that Purser returned to work after his 1984 injury and performed satisfactorily until his 1988 injury. The trial court made a specific finding that the 1988 injury was a new or aggravated injury which resulted from a specific act arising out of and during the course of his employment, and further found that the 1988 injury was disabling. These findings were buttressed by the testimony of two doctors, and therefore, we will not disturb those findings on appeal.
Winston's final contention is that the trial court miscalculated Purser's wages in determining workmen's compensation benefits. There was evidence that Purser was actually paid $240 per week, but that employer-paid fringe benefits increased his income to $295 a week. Ala. Code 1975, § 25-5-57(b), states in relevant part: "Whatever allowances of any character made to an employee in lieu of wages are specified as part of the wage contract shall be deemed a part of his earnings." Winston argues that Purser's fringe benefits were not specifically provided as being in lieu of wages or specified as part of the job contract. We disagree. Our Supreme Court determined that the term "earnings" in Ala. Code 1975, § 25-5-57(b), is composed of "three elements: (1) allowances of any character; (2) made to the employee in lieu of wages; and (3) specified as part of the wage contract."Ex parte Murray, 490 So.2d 1238, 1240 (Ala. 1986).
The trial court found that the fringe benefits in this case were specified as part of the wage contract by virtue of Winston's collective bargaining agreement.
The remaining question is whether these employer-paid fringe benefits constitute "allowances of any character." Fringe benefits which can be readily converted into a cash equivalent, such as medical benefits, are included in the computation of a worker's wage. Murray, supra. Therefore, the trial court correctly included Purser's fringe benefits in the calculation of his wages.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.