MOORE, Judge,
dissenting.
As I understand the contention made in this appeal by Jeff White (“the employee”), he is arguing that the “last-injurious-exposure rule” does not apply to this ease because “there is absolutely no evidence that [he] sustained any new traumatic injury/aecident to his right knee that the rule, North River [Insurance Co. v. Purser, 608 So.2d 1379 (ALa.Civ.App.1992) ], and its progeny require,” and because his employment -with Cutt’s Restaurant merely “caused his already damaged knee to be symptomatic because of the condition it was in at the time he left HB & G [Building Products’] employment....”
As to the first point, the appellate courts have repeatedly held that the last-injurious-exposure rule, which places responsibility for the payment of workers’ compensation benefits on the employer whose employment last causally contributed to the worker’s injury, see North River Ins. Co. v. Purser, 608 So.2d 1379 (Ala.Civ.App.1992), depends on the characterization of the injury as a new injury, as an aggravation of a prior injury, or as a recurrence of a prior injury. See Purser, 608 So.2d at 1382; United States Fid. & Guar. Co. v. Stepp, 642 So.2d 712, 715 (Ala.Civ.App.1994); Ex parte Pike County Comm’n, 740 So.2d 1080 (Ala.1999); Health-Tex, Inc. v. Humphrey, 747 So.2d 901 (Ala.Civ.App.1999); Hooker Constr., Inc. v. Walker, 825 So.2d 838 (Ala.Civ.App.2001); Patterson v. Liz Claiborne, Inc., 872 So.2d 181 (Ala.Civ.App.2003); Alpine Assoc. Indus. Servs., Inc. v. Smitherman, 897 So.2d 391 (Ala.Civ.App.2004); Edmonds Indus. Coatings, Inc. v. Lolley, 893 So.2d 1197 (Ala.Civ.App.2004); and Kohler *162 Co. v. Miller, 921 So.2d 436 (Ala.Civ.App. 2005).
In Purser, this court first applied the last-injurious-exposure rule to resolve a dispute between successive insurers as to which insurer bore responsibility for the payment of workers’ compensation benefits on account of a worker’s work-related back injury. The worker originally injured his back in 1984, but he complained again of a back injury in 1988. This court noted that the 1988 back injury arose out of the worker’s employment because the worker’s job “included considerable standing, twisting, bending, and lifting of objects” and that the worker had received his 1988 injury when bending down to pick up an object. 608 So.2d at 1382. In affirming a judgment placing responsibility on the insurer who insured the employer in 1988, the court did not discuss whether the 1988 injury resulted from a traumatic event or cumulative trauma, apparently recognizing the immateriality of that concern. After Purser, this court approved a judgment finding that a worker had aggravated her prior carpal tunnel syndrome by repetitively using her hands and arms in her subsequent employment, Humphrey, supra, and this court applied the last-injurious-exposure rule in an occupational-disease case in which no traumatic accident had ever occurred, see Lolley, supra.
Based on the foregoing caselaw, I find no merit in the contention of the employee that the last-injurious-exposure rule applies only to cases involving successive traumatic accidents. Thus, the mere fact that the employee did not sustain any slip, trip, fall, or other similar traumatic injurious event while working for Cutt’s does not mean that the last-injurious-exposure rule does not apply to determine whether Cutt’s, as opposed to HB & G, should be liable for the workers’ compensation benefits payable on account of the employee’s right-knee injury. The last-injurious-exposure rule would apply equally if the employee’s ordinary job duties at Cutt’s exposed him to cumulative trauma or repetitive physical stress that gradually caused or contributed to the employee’s injury.
On that point, this court decided in Miller, supra, that, if repetitive trauma from performing the ordinary job duties of subsequent employment merely causes a flare-up of the existing symptoms of the original injury, but does not cause any anatomical change to the injury itself, the manifestation of increased symptoms will be considered a recurrence of the original injury. 921 So.2d at 445; see also Hokes Bluff Welding & Fabrication v. Cox, 33 So.3d 592 (Ala.Civ.App.2008) (Moore, J., with Thomas, J., concurring, and Thompson, P.J., and Pittman and Bryan, JJ., concurring in the result) (worker with long history of severe back problems from 2000 work-related injury who experienced increased symptoms, but who did not sustain any anatomical change following lifting episode at work in 2004, held to have suffered recurrence of original, compensable injury). The employee in this case basically argues that the rule from Miller applies because HB & G offered no evidence indicating that his employment at Cutt’s caused any anatomical change to his right knee and no evidence indicating that his employment at Cutt’s caused any new symptoms, as opposed to an increase in his old symptoms. The record, however, contradicts those assertions.
A comparison of the medical records and testimony of the doctors who treated the employee show that the employee suffered anatomical changes in his right knee after leaving HB & G and working at Cutt’s, including the appearance of a “loose body” in the kneecap as well as the development of a medial knot. Also, while working at *163 Cutt’s the employee experienced new symptoms, including leg cramps and instability in the kneecap, in addition to an increase in his old symptoms of swelling, popping, and pain. The employee actually testified that he experienced those new symptoms due to the job duties he performed at Cutt’s, which required repetitive use of the knee while performing a variety of physically demanding activities on a concrete surface.[2] Some medical testimony indicates that the employee’s job duties at Cutt’s could have aggravated the original, compensable right-knee injury. From that substantial evidence the trial court reasonably could have concluded that the employee’s job duties at Cutt’s had caused the employee a new injury or an aggravation of his original right-knee injury for which HB & G should not be liable.
In his brief to this court, the employee presented substantial evidence, when viewed in a light most favorable to his position, indicating that he did not experience any new injury or an aggravation of his original right-knee injury while working at Cutt’s. However, our statutorily mandated standard of review requires us to view the evidence in a light most favorable to the findings of the trial court and to affirm the judgment in cases in which there is conflicting substantial evidence. Landers v. Lowe’s Home Ctrs., Inc., 14 So.3d 144, 151 (Ala.Civ.App.2007). This court cannot reweigh the evidence and substitute its opinion for that of the trial court, even if we are convinced that we would have decided the facts differently. Ex parte Kmart Corp., 812 So.2d 1205 (Ala.2001). Because the record contains substantial evidence to support the findings of the trial court, I would affirm the judgment. Therefore, I respectfully dissent. •

. The main opinion states: "HB & G failed to present substantial evidence tending to indicate that White suffered a cumulative trauma that resulted in a second injury or an aggravation to his right-knee injury giving rise to his current knee problems.” 68 So.3d at 160-61. I note that the employee does not argue that HB & G failed to present evidence of work-related cumulative trauma occurring at Cutt’s. The employee simply argues that the cumulative trauma did not cause a new injury or an aggravation of his original right-knee injury. The circumstantial and medical evidence recited above refutes that contention.