MOORE, Judge.
Total Fire Protection, Inc. (“TFP” or “the employer”), appeals from a judgment entered by the Bessemer Division of the Jefferson Circuit Court (“the trial court”) denying TFP’s motion to terminate the medical benefits being paid to Jonathan Jean, a former employee (“the employee”) of the employer, under the Alabama Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala.Code 1975. We affirm.
On April 22, 2005, while working for TFP, the employee fractured both wrists and his jaw in a fall arising out of and in the course of his employment. Dr. Jeffrey Davis, the employee’s authorized surgeon, performed surgery on both wrists, placing *797 hardware in the right wrist. Five months later, on September 29, 2005, the trial court approved a settlement under which the employee received a lump-sum amount of compensation with “[m]edieal benefits to remain open according to law.”
On June 26, 2006, TFP served the employee, via United States mail, with a copy of a “Motion to Terminate Medical Benefits.” In that motion, TFP asserted that the employee had obtained other employment; that, on June 5, 2006, while working for his other employer, the employee had sought medical treatment from Dr. Davis for right-wrist pain; that Dr. Davis had diagnosed carpal tunnel syndrome and had attributed its onset to the employee’s current employment; and that the employer should no longer be responsible for future treatment with regard to the right-wrist injury based on the “last-injurious-exposure rule.” See North River Ins. Co. v. Purser, 608 So.2d 1379, 1382 (Ala.Civ.App.1992). TFP filed the motion with the trial court on June 28, 2006. On June 29, 2006, the trial court granted TFP’s motion to terminate the employee’s medical benefits.
On April 29, 2008, some 22 months after the trial court had entered the order granting TFP’s motion to terminate the employee’s medical benefits, the employee moved the trial court for relief, pursuant to Rule 60(a) or 60(b)(4), (5) & (6), Ala. R. Civ. P., from the June 29, 2006, order. On May 1, 2008, the trial court granted the employee’s motion for relief from the June 29, 2006, order without indicating the basis for its ruling. The trial court then scheduled a hearing on TFP’s motion to terminate medical benefits.
On May 12, 2008, the trial court entered an order, stating that “[t]he medical benefits are reinstated to allow for removal of the hardware and the treating physician shall inform this court of the cause or likely cause of the carpal tunnel syndrome.” On May 14, 2008, TFP moved the trial court to alter, amend, or vacate its May 12, 2008, order. After a hearing, the trial court denied TFP’s motion and entered a new judgment dated June 16, 2008, stating that “[t]he medical benefits are reinstated to allow for the removal of the hardware and aliy problems that are related to the injury on April 22, 2005 while the employee was employed with [TFP].” After the trial court denied TFP’s motion to alter, amend, or vacate, TFP timely filed a notice of appeal.
On November 13, 2008, this court dismissed, by order, TFP’s appeal because it had been taken from a nonfinal judgment. In dismissing the appeal, this court noted that the trial court had not adjudicated TFP’s liability for all the employee’s medical issues, most specifically his alleged carpal tunnel syndrome, and that the trial court had not included findings of fact and conclusions of law in its June 16, 2008, judgment, as required by Ala.Code 1975, § 25-5-88.[1] On December 9, 2008, TFP moved the trial court to include findings of fact and conclusions of law in its judgment. Although the trial court scheduled TFP’s motion for a hearing, no further activity is reflected in the record until 2012.
On May 30, 2012, TFP renewed its motion to terminate the employee’s medical benefits, asserting the identical grounds set out in its original motion filed in 2006. The employee filed an objection to that motion, arguing that his medical benefits should not be terminated just *798 because he might have developed carpal tunnel syndrome that might be related to his subsequent employment. The trial court subsequently granted the parties leave to depose Dr. Davis, and, after the deposition, the parties submitted memo-randa to the trial court for a ruling on the motion. On August 9, 2013, the trial court entered a judgment containing findings of fact and conclusions of law. The trial court found that there was no conclusive evidence that the employee had ever developed carpal tunnel syndrome, that the pain in his right wrist was directly related to the April 22, 2005, injury, and that the pain was a recurrence of that same injury. The trial court denied the motion to terminate medical benefits and ordered TFP to pay for the employee’s June 5, 2006, visit to Dr. Davis as well as for the removal of any hardware placed in the employee’s right wrist due to the April 22, 2005, injury. TFP timely filed a motion to alter, amend, or vacate the August 9, 2018, judgment. After the trial court denied that motion, TFP timely filed this appeal.
On appeal, TFP first asserts that-the trial court exceeded its discretion in granting the employee’s Rule 60 motion, thereby vacating its June 29, 2006, order. TFP argues that the trial court had no basis for setting aside the June 29, 2006, order. We disagree.
Once approved by the trial court, the September 29, 2005, settlement became a binding judgment with the same effect as any other final judgment. See Ala.Code 1975, § 25-5-56; and United States Steel Corp. v. Baker, 266 Ala. 538, 97 So.2d 899 (1957). That judgment preserved to the employee a right to future medical treatment for any and all injuries he sustained in the April 22, 2005, accident. That right could be extinguished only through the procedures set out in the Act. Section 25-5-56 allows a party to a settlement to have the settlement vacated or set aside within six months based on various grounds, none of which apply here. In addition, a settlement may be set aside on other grounds in accordance with the Alabama Rules of Civil Procedure. See Wal-Mart Stores, Inc. v. Green, 740 So.2d 412 (Ala.Civ.App.1999). In this case, TFP did not assert any recognized procedural ground that would have justified the trial court’s terminating, under Rule 60, Ala. R. Civ. P., or any other applicable rule of civil procedure, the provision of the judgment awarding the employee future medical benefits.
Instead, in its postjudgment motion, TFP sought to terminate its settled liability for future medical treatment on the substantive 'ground that the employee’s subsequent employer should bear that responsibility under the last-injurious-exposure rule. In the ordinary case, an employer raises that rule as a defensive matter to a claim for medical treatment filed by an employee. See, e.g., Caseco, LLC v. Dingman, 65 So.3d 909 (Ala.Civ.App.2010). This case represents the first attempt by an employer to use the last-injurious-exposure rule offensively to terminate its agreed liability for future medical expenses via postjudgment practice. TFP has not cited to this court a single case in which any such procedure has been followed or approved. Generally speaking, the Act provides that an employer may initiate an action against the employee in the event of a dispute as to liability for an injury, see Ala.Code 1975, § 25-5-88, but the Act nowhere provides, or implies, that an employer may utilize postjudgment-motion practice as a means to end its adjudicated liability for medical benefits on the basis of a substantive defense that another employer should assume that liability.
*799 It is true that a circuit court that approves a workers’ compensation settlement that leaves open future medical benefits retains jurisdiction over any controversy that might arise regarding those benefits. See Wal-Mart Stores, Inc. v. Pitts, 900 So.2d 1240, 1244 (Ala.Civ.App.2004) (“In this case, because the issue of future medical benefits was left open by the parties in their 1994 settlement agreement, the trial court retained jurisdiction over any controversy that might arise between the parties as to the employee’s medical care.”). However, the Act specifically provides the manner in which the circuit court can decide such a controversy. Section 25-5-88 requires that an employer disputing its liability for an injury must file a petition setting out the basis of the dispute and that the circuit court must follow the rules of civil procedure in deciding that dispute.
In Ex parte Publix Super Markets, Inc., 968 So.2d 654 (Ala.Civ.App.2007), this court held that a circuit court cannot award an employee medical benefits based on a mere allegation in a motion that the employee requires medical treatment due to a work-related injury. 963 So.2d at 660. By that same logic, a circuit court cannot terminate an employee’s right to medical benefits as established in an enforceable judgment based on a mere allegation in a motion that the employee has sustained a new or aggravated injury for which his or her new employer bears exclusive responsibility. The legislature envisioned that any controversy as to the right to medical benefits would be decided by trial and not by motion, except where specifically allowed by the rules of civil procedure. 963 So.2d at 658-60.
In this case, the record indicates that the employer mailed a copy of its motion to terminate the employee’s medical benefits to the employee on June 26, 2006. Two days later, the employer filed the motion with the trial court, which granted the motion the next day. In its June 29, 2006, order, the trial court purported to terminate the employee’s future medical benefits, which had been secured in the September 2005 judgment, based on an unverified motion with a one-sided summary of Dr. Davis’s opinion taken from an unauthenticated medical report. The trial court did not afford the employee a meaningful opportunity to be heard on the matter, failing to assure that the employee had even been served before ruling on the motion and foregoing a hearing on the matter as contemplated by § 25-5-88. In short, the trial court acted in a manner inconsistent with due process. Under Rule 60(b)(4), Ala. R. Civ. P., a judgment entered in a manner inconsistent with due process is void and may be set aside at any time. See Neal v. Neal, 856 So.2d 766, 781 (Ala.2002). Hence, the trial court did not exceed its discretion in vacating its June 29, 2006, order.[2]
TFP next argues that the trial court erred in how it applied the last-injurious-exposure rule. In the present context, the last-injurious-exposure rule provides that liability for medical treat *800 ment of an injury falls on the employer in whose employment the employee last experienced trauma that caused or contributed to the injury. See generally Purser, 608 So.2d at 1382. In this case, the employee conceded that, if the employee has carpal tunnel syndrome, he was not making any claim for that injury against TFP, and the trial court did not impose any liability on TFP for treating any alleged carpal tunnel syndrome. The parties disputed, however, whether TFP bore liability under the settlement for treatment of the employee’s ongoing wrist pain, which is a different condition from his alleged carpal tunnel syndrome. Under the last-injurious-exposure rule, TFP would remain liable for the medical treatment for the employee’s wrist pain only if that pain could be characterized as a recurrent injury. See Stein Mart, Inc. v. Delashaw, 64 So.3d 1101 (Ala.Civ.App.2010).
In Kohler Co. v. Miller, 921 So.2d 436 (Ala.Civ.App.2005), Miller experienced constant pain in her hands as a result of carpal tunnel syndrome that she had contracted in her original employment. That pain naturally would increase when the employee repetitively used her hands in her subsequent employment, only to return to baseline levels when she ceased such activity. The evidence did not demonstrate that Miller had experienced any new injury or increased disability from an aggravated underlying condition but, instead, showed that Miller had suffered a recurrence of earlier symptoms of her original injuries. Based on that evidence, this court affirmed a finding that the original employer remained liable for Miller’s workers’ compensation benefits.
In Hokes Bluff Welding & Fabrication v. Cox, 33 So.3d 592 (Ala.Civ.App.2008), this court held that an employee who had been experiencing unrelenting lower back pain and associated symptoms had suffered a recurrence of those symptoms, and not a new injury or aggravation, when he reported the same pattern of symptoms following a lifting episode at work and the radiographic evidence showed no harmful change in his underlying anatomical condition.
In Delashaw, supra, Delashaw suffered chronic pain while standing or walking following a foot injury that occurred in March 2006 when she was working for Stein Mart. Delashaw subsequently obtained employment at a Dillard’s department store that required her to stand and walk for prolonged periods, resulting in pain in her affected extremity running into her lower back. Although a doctor testified that the work she performed for Dillard’s had independently contributed to Delashaw’s symptoms, the medical evidence indicated that Delashaw had not experienced any change to her underlying condition as a result of her subsequent employment. This court affirmed a judgment finding that Delashaw had not sustained a new injury or an aggravation of her original injury but, rather, had experienced only recurrent symptoms from her original injury for which Stein Mart remained liable.
As the foregoing cases illustrate, when an employee experiences expected ongoing symptoms from an original com-pensable injury as a result of routine physical activities in subsequent employment, in the absence of evidence of some additional harmful change to the underlying anatomical condition of the employee, those expected ongoing symptoms will be treated under Alabama law as a recurrence of the symptoms from the original injury and not as an aggravation of the original injury. See 1 Terry A. Moore, Alabama Workers’ Compensation § 6:24 (2d ed.2013); see also White v. HB & G *801 Bldg. Prods., Inc., 68 So.3d 155 (Ala.Civ.App.2010).
In this case, the employee fractured two long bones in his right arm at the point where those bones terminate at the wrist joint. Dr. Davis inserted hardware to stabilize the radius bone. The employee has since complained of pain emanating from the area where the hardware was implanted, as well as swelling of the ulnar joint where the fracture occurred. Dr. Davis stated in his medical records that those symptoms were directly related to the employee’s April 22, 2005, injury. Dr. Davis opined in his deposition that the repetitive gripping and grasping in the employee’s new employment would activate those symptoms, but only on a temporary basis, not causing any permanent worsening of the baseline condition of the employee’s wrist. Dr. Davis essentially stated that he had decided that the hardware needed to be removed in part because the employee continued to experience painful symptoms when using his right wrist while working for his new employer. That testimony constitutes substantial evidence supporting the finding of the trial court that the pain the employee was experiencing in his right wrist was recurrent pain from the original compensable injury for which TFP would remain liable. As in Delashaw, 64 So.3d at 1105-06, the fact that Dr. Davis at some points in his deposition testified that the employee had “aggravated” his right-wrist condition did not bind the trial court to make such a finding. See also Landers v. Lowe’s Home Ctrs., Inc., 14 So.3d 144, 151 (Ala.Civ.App.2007) (“Our review is restricted to a determination of whether the trial court’s factual findings are supported by substantial evidence. Ala.Code 1975, § 25-5-81(e)(2). This statutorily mandated scope of review does not permit this court to reverse the trial court’s judgment based on a particular factual finding on the ground that substantial evidence supports a contrary factual finding; rather, it permits this court to reverse the trial court’s judgment only if its factual finding is not supported by substantial evidence.”).[3] Accordingly, we hold that the trial court did not err in requiring TFP to remain liable for treatment of that condition, including payment for the June 5, 2006, office visit to Dr. Davis and payment for the surgery to remove the hardware.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. Generally, an appeal cannot be taken from an order setting aside a judgment or order pursuant to Rule 60(b), Ala. R. Civ. P., because further proceedings are contemplated by the trial court, and, therefore, the judgment or order is considered interlocutory. See Tuscaloosa Chevrolet, Inc. v. Guyton, 41 So.3d 95, 99 (Ala.Civ.App.2009).

. We note that, after the trial court vacated its June 29, 2006, order, the employer did not file a petition as required by § 25-5-88. The employer simply renewed its motion to terminate benefits, to which the employee responded with an objection. The parties ultimately submitted competing memoranda and agreed that the trial court could decide the controversy based on the arguments and evidence outlined in their memoranda. Thus, it appears that the employee waived his right to the procedures set out in § 25-5-88. His voluntary decision to forgo those procedures does not detract from our decision that the trial court acted in a manner inconsistent with due process in originally granting the motion to terminate medical benefits on June 29, 2006.

. Because the trial court's factual finding of a recurrence is supported by substantial evidence, and because the law provides that TFP shall remain liable for the employee’s medical treatment in the event of a recurrence, we consider any other alleged error committed by the trial court in defining and applying the last-injurious-exposure rule to be harmless in nature so as not to warrant discussion. See Rule 45, Ala. R.App. P.