DONALDSON, Judge.
C.E.C. appeals an order entered by the Madison Probate Court (“the probate court”) vacating a judgment that had granted C.E.C.’s petition to adopt J.L.R. (“the child”). Because the probate court’s order is nonfínal, we dismiss the appeal.

Facts and Procedural History

On April 23, 2008, the child was born to S.R. (“the biological mother”) in Tennessee. The identity of the child’s biological father is not contained in the record. C.E.C. is the biological mother’s sister. On August 29, 2008, the Juvenile Court for Davidson County, Tennessee, entered an order finding the child to be dependent. That order placed the child in the custody of C.E.C. and C.W.C., who were married at that time. The petitioner in that case was the State of Tennessee Department of Child Services (“the Tennessee DCS”).
On July 6, 2012, the Madison Circuit Court entered a judgment divorcing C.E.C. and C.W.C. (“the divorce judgment”), which incorporated an agreement of those parties. The divorce judgment ordered C.E.C. and C.W.C. to have joint legal custody of the child, C.E.C. to have sole physical custody, C.W.C. to have visitation, and C.W.C. to pay C.E.C. child support.
On February 18, 2015, C.E.C. filed a petition to adopt the child in the probate court. The adoption petition listed information pertaining to only the State of Alabama Department of Human Resources (“the Alabama DHR”) in a paragraph purportedly listing “the names and addresses of all persons known to [C.E.C.] at the time of the filing of this petition from whom consent to this adoption are required by law.” Later that day, the probate court entered an interlocutory order placing custody and responsibility for the care, maintenance, and support of the child with C.E.C. The probate court ordered C.E.C. to serve notice of the adoption proceeding as required by § 26-10A-17, Ala. Code 1975.[1] C.E.C. sent a notice of the *340 adoption proceedings only to the Alabama DHR. On April 1, 2015, the probate court entered a judgment granting C.E.C.’s petition to adopt the child.
On April 29, 2015, C.W.C. appeared in the probate-court proceeding and filed a “Motion to Vacate and for Relief from Judgment Pursuant to Alabama Rules of Civil Procedure 59 and 60.” Seeking to have the judgment vacated, C.W.C. argued in the motion that C.E.C. had failed to provide notification to, and to obtain consents from him, the biological mother, and the Tennessee DCS, as required for a valid adoption of the child. C.W.C. submitted affidavits from the biological mother and himself, in which they both testified that they did not receive notice of the adoption proceeding, did not consent to the adoption of the child, and opposed the adoption. C.E.C. filed a response arguing that C.W.C. lacked “standing” to seek post-judgment relief in the adoption proceeding, that the portion of the divorce judgment providing C.W.C. with custodial rights to the child was void for lack of subject-matter jurisdiction, that consents from C.W.C. and' the Tennessee DCS were not required for the adoption, and that the biological mother had impliedly consented to the adoption.
After hearing arguments from counsel for the parties, the probate court entered an order on June 22, 2015, granting C.W.C.’s motion and vacating the judgment of adoption. C.E.C. filed a notice of appeal to this court. On appeal, C.E.C. contends -that the probate court erred in vacating the judgment of adoption.

Discussion

Although neither party has raised the issue of our jurisdiction over this appeal, “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). “Unless otherwise provided by law, appeals lie only from final orders or judgments.” Wolf v. Smith, 414 So.2d 129, 130 (Ala.Civ.App.1982) (citing Cates v. Bush, 293 Ala. 535, 307 So.2d 6 (1975)). “[I]f there is not a final judgment then this court is without jurisdiction to hear the appeal.” Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala.Civ.App.2010) (citing Hamilton ex rel. Slate-Hamilton v. Connally, 959 So.2d 640, 642 (Ala.2006)).
C.W.C.’s motion for relief purported to invoke both Rule 59(e), Ala. R. Civ. P., and Rule 60(b), Ala. R. Civ. P. Section 26-10A-26, Ala.Code 1975, provides that “[a]ppeals from any final decree of adoption shall be taken to the Alabama Court of Civil Appeals and filed within 14 days from the final decree.” Because C.W.C. filed his motion more than 14 days after the entry of the adoption judgment, and thus beyond the time for taking an appeal pursuant to § 26-10A-26, we treat his motion as having been filed solely pursuant to Rule 60(b). See Ex parte W.L.K., 175 So.3d 652, 656 n. 1 (Ala.Civ.App.2015) (“We note that our supreme court has indicated that a postjudgment motion filed [pursuant to Rule 59, Ala. R. Civ. P.,] directed to a *341 judgment of adoption is timely when filed within 14 days of the entry of the judgment and that such, a postjudgment motion is denied by operation of law if not ruled upon within 14 days. See Ex parte A.M.P., 997 So.2d [1008,] 1013 n. 3 [(Ala.2008)].”).
“Generally, an appeal cannot be taken from an order setting aside a judgment or order pursuant to Rule 60(b), Ala. R. Civ. P., because further proceedings are contemplated by the trial court, and, therefore, the judgment or order is considered interlocutory.” Total Fire Prot., Inc. v. Jean, 160 So.3d 795, 797 n. 1 (Ala.Civ.App.2014) (citing Tuscaloosa Chevrolet, Inc. v. Guyton, 41 So.3d 95, 99 (Ala.Civ.App.2009)). The probate court’s order granting C.W.C.’s Rule 60(b) motion merely vacated the judgment of adoption. It did not determine custody of the child, dismiss the petition for adoption, or otherwise resolve the entire adoption proceeding. “A final judgment is one that completely adjudicates all matters in controversy between all the parties.” Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002). C.E.C. therefore has appealed from a non-final order. Because C.E.C.’s notice of appeal did not invoke our appellate jurisdiction, it is the duty of this court to dismiss the appeal as having been taken from a nonfinal judgment. Sexton, 42 So.3d at 1283. Accordingly, we dismiss this appeal.
C.E.C.’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Section 26-10A-17 provides, in relevant part:
"(a) Unless service has been previously waived, notice of pendency of the adoption proceeding shall be served by the petitioner on:
"(1) Any person, agency, or institution whose consent or relinquishment is required by Section 26-1OA-7, unless service has been previously waived or consent has been implied.
“(2) The legally appointed custodian or guardian of the adoptee.
“(3) The spouse of any petitioner who has not joined in the petition.
"(4) The spouse of the adoptee.
"(5) The surviving parent or parents of a deceased parent of the adoptee.
“(6) Any person known to the petitioners as having physical custody, excluding licensed foster care or other private licensed *340 agencies or having visitation rights with the adoptee under an existing court order.
"(7) The agency or individual authorized to investigate the adoption under Section 26-10A-19L Ala.Code 1975],
"(8) Any other person designated by the court.
"(9) The Department of Human Resources.
"(10) The father and putative father of the adoptee if made known by the mother or otherwise known by the court unless the court finds that the father or putative father has given implied consent to the adoption, as defined in Section 26-10A-9[, Ala.Code 1975].”