DONALDSON, Judge.
J.T. ("the adoptive father") appeals from an order of the Jefferson Probate Court that vacated a decree of adoption. Because the adoptive father has appealed from a nonfinal order, we dismiss the appeal.
The facts relevant to this appeal are as follows. J.S.T. ("the mother") and J.S. ("the natural father") had a child, C.J.T. ("the child"), during their marriage. The mother and the natural father were divorced in September 2009. In May 2011, the mother married the adoptive father. In August 2013, the adoptive father filed a petition in the probate court seeking to adopt the child. The probate court entered a final decree of adoption on October 16, 2013.
On September 1, 2016, the natural father filed a motion in the probate court seeking to set aside the final decree of adoption in which he alleged, among other things, that he had not consented to the adoption, that he had not been given notice of the adoption proceedings, and that the mother had knowledge of his whereabouts, and, therefore, the adoptive father could have served him personally.
On April 20, 2017, after a hearing, the probate court entered a "BENCHNOTE" in which it granted the natural father's motion to set aside the decree of adoption. Over a year later, on May 2, 2018, the probate court entered a detailed order with findings of fact in which it granted the natural father's motion to set aside the decree of adoption. The adoptive father filed a motion seeking to vacate the May 2, 2018, order and in which he also asserted, in the alternative, that the matter should be set for a hearing regarding the natural father's implied consent to the adoption. On June 7, 2018, the probate court denied the adoptive father's motion. The record does not contain any orders or other documents indicating that the probate court dismissed the adoptive father's adoption petition or otherwise disposed of the case. On June 12, 2018, the adoptive father filed a notice of appeal to this court.
On appeal, the adoptive father argues that the probate court erroneously set aside the decree of adoption because, he asserts, the natural father had impliedly consented to the adoption. Before we can address the adoptive father's arguments, however, we must determine whether this court has jurisdiction to consider the appeal. See Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987) (explaining that "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu''). " '[I]f *1003 there is not a final judgment then this court is without jurisdiction to hear the appeal.' " C.E.C. v. C.W.C., 202 So.3d 338, 340 (Ala. Civ. App. 2016) (quoting Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala. Civ. App. 2010), citing in turn Hamilton ex rel. Slate-Hamilton v. Connally, 959 So.2d 640, 642 (Ala. 2006) ).
In C.E.C., this court held that an order that granted a motion filed pursuant to Rule 60(b), Ala. R. Civ. P., and vacated an adoption judgment but that did not otherwise resolve the adoption action was not sufficiently final so as to invoke our appellate jurisdiction. 202 So. 3d at 341. Specifically, the probate court in that case had granted a Rule 60(b) motion and vacated an adoption judgment but had "not determine[d] custody of the child, dismiss[ed] the petition for adoption, or otherwise resolve[d] the entire adoption proceeding." Id. Likewise, in this case, the probate court's order vacated the adoption decree, but it did not otherwise resolve the adoption proceeding, and, therefore, it is not a final judgment capable of supporting an appeal. Id. Accordingly, we dismiss the appeal.
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.